**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
OMAR AIKENS,                        :
                                    :   Civil Action No. 09-3706 (MLC)
              Petitioner,           :
                                    :
         v.                         :        O P I N I O N
                                    :
UNITED STATES OF AMERICA,           :
                                    :
              Respondent.           :
                                    :
```

**APPEARANCES:**

Omar Aikens, Petitioner pro se
U.S.P. Big Sandy, P.O. Box 2068, Inez, KY 41224

**COOPER**, District Judge

Petitioner, Omar Aikens, a prisoner confined at the United States Penitentiary at Big Sandy, in Inez, Kentucky, submits a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The sole respondent is the United States of America.[2]

Because it appears from a review of the Petition that this Court lacks jurisdiction over this § 2241 Petition, it will be dismissed without prejudice. See 28 U.S.C. § 2243.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] The United States of America is not a proper respondent in a § 2241 habeas petition, but the resolution of this matter makes it unnecessary to resolve this issue.

## I.   BACKGROUND

On February 27, 2008, following Petitioner's entry of a guilty plea, the Court entered its judgment sentencing Petitioner to a term of 204 months imprisonment for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.  See United States v. Aikens, Crim. No. 05-689 (D.N.J.).[3]  Petitioner neither directly appealed this judgment nor collaterally attacked it by moving to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[4]  Thus, this conviction became final, within the meaning of 28 U.S.C. § 2255, on March 10, 2008.

In this Petition, dated June 30, 2009, Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 2241, and alleges that the conviction is void because the government failed to charge and convict any co-conspirators.  Petitioner asks this

---

[3] More specifically, the one-count Superseding Information to which Petitioner pleaded guilty charged that Petitioner "[f]rom in or about September 2003, to in or about August 2005, ... did knowingly and intentionally conspire and agree with H.S. and others to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(1).  In violation of 21, United States Code, Section 846."  United States v. Aikens, Crim. No. 05-689 (D.N.J.) (Docket Entry No. 47).  The Plea Agreement, Docket Entry No. 51, does not specifically refer to "H.S."  Hilliaurd C. Smith pleaded guilty to one count of the indictment against him, charging him with conspiracy with Petitioner, between December 2004 and August 29, 2005, in the same criminal action.

[4] Pursuant to the Plea Agreement, Petitioner waived certain rights to attack the sentence either through direct appeal or collaterally.

Court to declare the conviction "void" and order his immediate release.[5]

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

28 U.S.C. § 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from its face that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

Petitioner alleges that he is entitled to habeas relief under § 2241, even though he has not directly appealed from his

---

[5] Petitioner appears to be relying, for this argument, on the absence of any specifically-identified co-conspirators in the Plea Agreement.

amended sentence or moved to vacate under 28 U.S.C. § 2255. Petitioner cites no support for this position.

Section 2255 is the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to sentence as imposed should be brought under § 2255, while challenges to manner in which sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255.

But Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the court held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely

4

because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Petitioner seeks to challenge the legality of the sentence as imposed, not as executed.  Thus, this claim does not arise under § 2241, unless Petitioner can establish jurisdiction under the Dorsainvil exception.  As noted above, this conviction became final on March 10, 2008.  Petitioner did not file this Petition until June 30, 2009, after the relevant 10-day appeal period, see Fed.R.App.P. 4(b), and one-year § 2255 limitations period had expired.  Petitioner has not alleged facts suggesting that either direct appeal or a § 2255 motion in the trial court would have been "inadequate or ineffective" to raise the challenge asserted here.  To the contrary, the facts giving rise to this claim existed at the time Petitioner entered his guilty plea.  Thus, the claim cannot be raised in a § 2241 petition.

A petition under § 2241 also must be filed in the district of confinement, not the district of conviction.  This Court has considered whether it should construe the Petition as either a

5

notice of appeal or a motion to vacate, set aside, or correct sentence under § 2255, either of which should be filed in the court of conviction, this Court.  As this Petition would not be a timely notice of appeal or motion to vacate, set aside, or correct sentence under § 2255, this Court will not construe the Petition as either such document.

The Petition will be dismissed without prejudice for lack of jurisdiction.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order and judgment follows.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:  September 25, 2009